UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW A. LAWRIE,<br><br>                        Petitioner,<br><br>         v.<br><br>KATHLEEN ALLISON,<br><br>                        Respondent. | Civil No.   11cv0915-AJB (CAB)<br><br>**ORDER DISMISSING PETITION WITHOUT PREJUDICE** |

Petitioner, a state prisoner proceeding pro se, has submitted a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, but has neither paid the filing fee nor filed a request to proceed in forma pauperis. The Petition is subject to dismissal because Petitioner has failed to satisfy the filing fee requirement and has failed to state a claim cognizable on federal habeas.

### FAILURE TO SATISFY FILING FEE REQUIREMENT

Petitioner cannot proceed with a petition for a writ of habeas corpus in this Court unless he has either paid the $5.00 filing fee or qualified to proceed in forma pauperis. See Rule 3(a), 28 U.S.C. foll. § 2254. The Court therefore **DISMISSES** the case without prejudice for failing to satisfy the filing fee.

### FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM

The Court would ordinarily provide Petitioner with the opportunity to satisfy the filing fee requirement in order to avoid dismissal. However, Petitioner has failed to allege that his

state court conviction or sentence violates the Constitution of the United States, or that he is otherwise in custody in violation of federal law, and has therefore failed to state a claim cognizable on federal habeas.

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in <u>violation of the Constitution or laws or treaties of the United States.</u>

28 U.S.C. § 2254(a) (emphasis added). See <u>Hernandez v. Ylst</u>, 930 F.2d 714, 719 (9th Cir. 1991); <u>Mannhalt v. Reed</u>, 847 F.2d 576, 579 (9th Cir. 1988); <u>Kealohapauole v. Shimoda</u>, 800 F.2d 1463, 1464-65 (9th Cir. 1986). Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," <u>and</u> that he is in custody in "violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2254(a).

Here, Petitioner claims that he as been denied access to the courts in violation of the federal Constitution in connection to obtaining his inheritance. (<u>See</u> Pet. at 6.) In no way does Petitioner claim he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254.

Challenges to the fact or duration of confinement are properly brought in a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, whereas challenges to conditions of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. See <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 488-500 (1973). When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release, his sole federal remedy is a writ of habeas corpus. <u>Id.</u> at 500. On the other hand, a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, including denial of access to the courts, but not to the fact or length of his custody. <u>Id.</u> at 499; <u>McIntosh v. United States Parole Comm'n</u>, 115 F.3d 809, 811-12 (10th Cir. 1997).

Preiser left open the possibility of assertion of a conditions-of-confinement claim in a habeas application where additional and unconstitutional restraints are at issue. See Preiser, 411 U.S. at 499 ("This is not to say that habeas corpus may not also be available to challenge such prison conditions. When a prisoner is put under additional and unconstitutional restraints during his lawful custody, it is arguable that habeas corpus will lie to remove the restraints making the custody illegal.") The allegations of interference with his ability to obtain his inheritance through state court challenges as alleged in the instant Petition are not the type of "additional and unconstitutional restraints" which are distinct from conditions of confinement, and Petitioner's allegations therefore do not state a claim cognizable on federal habeas. Wilwording v. Swenson, 404 U.S. 249, 251 (1971); Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir. 1991).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has failed to satisfy the filing fee requirement and failed to state a claim cognizable on federal habeas. Petitioner should consider whether his claims are properly brought in a civil rights complaint pursuant to 42 U.S.C. § 1983. If so, Petitioner is free to file a separate civil rights complaint which will be assigned a separate civil case number.

**CONCLUSION AND ORDER**

Accordingly, the Court **DISMISSES** the Petition without prejudice due to Petitioner's failure to satisfy the filing fee requirement and failure to state a claim cognizable on federal habeas. The dismissal is without prejudice to Petitioner, if he wishes, to present his claims in a civil rights complaint pursuant to 42 U.S.C. § 1983, rather than a habeas petition, which will be assigned a separate civil number. The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: May 3, 2011

_____
Hon. Anthony J. Battaglia
U.S. District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28